IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                  Case No. 2:13-CR-20006-001

ANTHONY CORDAY LYONS                                                              DEFENDANT

# NOTICE

After reviewing the pre-sentence investigation report in preparation for the sentencing hearing scheduled in this case for October 2, 2013, the Court hereby gives notice pursuant to Federal Rule of Criminal Procedure 32(h) that the Court is considering an upward departure under the Federal Sentencing Guidelines and/or an upward variance under the provisions of 18 U.S.C. § 3553(a).

The possible basis for an upward departure is that Lyons's criminal history category substantially underrepresents the seriousness of his criminal history or the likelihood that he will commit other crimes. Specifically, § 4A1.3(a)(4)(B) of the Guidelines allows the Court to structure an upward departure from a criminal history category of VI by moving incrementally down the sentencing table to the next higher offense level in criminal history category VI until it finds a guideline range appropriate to the case.

In this case, Lyons has a lengthy criminal history that includes multiple convictions for crimes of violence and controlled substance offenses, among others. It is obvious to the Court that Lyons has not been deterred from engaging in criminal activity by previous periods of incarceration. Because of existing case law in the Eighth Circuit, Lyons—as reflected in the PSR—is not technically subject to an enhancement under U.S. Sentencing Guidelines § 4B1.1 for being a career

-1-

offender. The Eighth Circuit has ruled that a prior felony conviction does not qualify as a predicate felony for career offender purposes where the specific prior conviction is not undoubtedly the conviction that received any assigned criminal history points under the guidelines. *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Application of this interpretation of the guidelines results in a paradoxical outcome whereby, by virtue of the fact that a defendant was convicted of more than one prior offense requiring grouping under the guidelines—one or more of which would be a qualifying predicate felony and the other(s) not—a defendant receives a lesser sentence.

This paradox is manifest in the instant case. Lyons was convicted of three different offenses on March 13, 2008. Because the three counts were contained in the same charging instrument and the sentences for all three convictions were imposed on the same day to run concurrently, the sentences are counted as a single sentence under the guidelines, with the criminal history points to be assigned based on the longest sentence imposed. Based on the rule set forth in *King*, if consecutive sentences are imposed for both non-qualifying and qualifying predicate offenses for career offender purposes, the rule of lenity must be applied to infer that any criminal history point assigned was assigned based on a non-qualifying predicate offense. *Id.* Lyons received 1-year, concurrent sentences for each of his three convictions for (1) possession of a controlled dangerous substance, (2) assault and battery upon a police officer, and (3) resisting arrest. Only the convictions for assault and battery upon a police officer and resisting arrest would qualify as predicate offenses for career offender purposes. U.S.S.G. § 4B1.2(b) and application note 1; *King*, 595 U.S. at 852. Therefore, had Lyons been convicted *only* on either of those counts, he would be subject to the

career offender enhancement based on the fact that he had a previous qualifying felony conviction.[1]

Furthermore, Lyons was convicted on five separate counts on September 5, 2008. He received 10 years incarceration with 5 years suspended for one count of burglary in the second degree, three counts of concealing stolen property, and one count of possession of a controlled substance. Only the conviction for burglary in the second degree would qualify as a predicate offense for career offender purposes. U.S.S.G. § 4B1.2(b) and application note 1. Again, had Lyons been convicted only on the burglary charge, he would be sentenced as a career offender. It is the Court's belief that an underrepresentation of the seriousness of Lyons's criminal history undoubtedly results in this case where, by virtue of the fact that he committed *more* crimes instead of fewer, he escapes application of the career offender enhancement.

Furthermore, Lyons has received consolidated sentences for a series of serious of crimes. *See* U.S.S.G. § 4A1.3, application note 2(A)(ii). He also committed the instant offense while under a suspended sentence for another serious offense. *Id*. at application note 2(A)(iv). His overall record shows a history of disregard for the law, as he has previously had suspended sentences revoked on more than one occasion and has not infrequently been convicted of crimes soon after his release from serving time for other convictions.

For all of the above reasons, the Court hereby gives notice of its contemplation of an upward departure based on substantial underrepresentation of the seriousness of Lyons's criminal history. It is the Court's intent to depart upward six offense levels. It is the Court's belief that such a departure would place Lyons in a guideline range more appropriate to this case in that it would put

---

[1] On September 2, 2005, Lyons was convicted of one count of kidnapping without the intent to commit sexual assault, which is a crime of violence for purposes of the career offender guideline. U.S.S.G. § 4B1.2, application note 1.

him at a range similar to career offenders with a criminal history and likelihood to recidivate most closely resembling that of Lyons.

In addition, the Court gives notice that the possible bases for an upward variance under 18 U.S.C. § 3553(a) are the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The sentencing hearing in this case remains set for October 2, 2013 at 9:30 a.m. However, if either party needs more time to prepare for the sentencing hearing based on this notice, they should so inform the Court as soon as possible.

DATED this 1st day of October, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE